United States District Court
District of Connecticut

FILED
2003 DEC 15 P 4: 23

James McKinnon        Case no. (CFD)(WIG)
    100770                302CV2068
Plaintiff
                      December, 10, 2003
V.

Saundra Leek, Etal
Sandy Orleman
Todd Bogdanoff
Helen Dorsey

Defendants' Individual Capacity

First Amended Compliant Plaintiff attached motion To Amend Complaint To add Federal Rule 28 C.F.R. § 35.190 an ADA claim, also To File private suit's on defendant's under 28. C.F.R. § 35.172; also To Amendment the short § concise statement of material Facts Federal Rule 15(a)(b).

By: James Lee McKinnon
    James Lee McKinnon, pro se
    Walker-Reception
    1151-East-Street-South
    Suffield-Connecticut
         06078.

1. Plaintiff James McKinnon pro,se moves this court respectfully that under this short concise statement be amended to the material facts that was respectfully submitted with the forthgoing Amended Compliant information.

2. Disabled prisoners have greater rights under the Americans with Disabilities Act of 1990 (ADA) please see, 42 U.S.C. § 12101 et seq.

3. As of January 1992 "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, please see, 42 U.S.C. § 121-32.

4. These "public entity" provisions are often referred to as Title II of the ADA; there are also employment discrimination provisions, referred to as Title I,. please see, 42 U.S.C. § 12112.

5. This ban on discrimination against the disabled applied only to federaly funded agencies under Section 504 of the Rehabilitation Act of 1973, please see; that statute provides, "no otherwise qualified individual shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be sujected to discrimination under any program or activity receiving Federal Financial assistance, or under any program or activity

By James Lee McKinnon
James Lee McKinnon pro se
Walker Reception
1151-East Street South
Suffield Connecticut 06078

Conducted by any Executive agency" 29 U.S.C. § 794. Congress has made it clear that any governmental department or agency receiving Federal money is Subject to the Rehabilitation Act in all its operations even if the particular program in dispute does not receive such funds.

6. A "public entity" is defined in the ADA as including "any State or local government" or any department, agency, special purpose district, or other instrumentality of a State or States or local government. please see; 42 U.S.C. § 12131(1)(A,B)(emphasis supplied).

7. This definition clearly includes correction departments and other agencies that operate prisons and jails. please see; Clarkson v. Coughlin 145 F.R.D. 339, 348 (S.D.N.Y. 1993) permitting prisoner to amend complaint to add an ADA claim). The federal regulations issued under the ADA acknowledge this point identifying the Department of Justice as the agency that is to implement compliance procedure concerning state and local correctional facilities. 28 C.F.R. § 35.190. There is no dispute that the Rehabilitation Act applies to prisons. please see; Harris v. Thigpen 941 F.2d 1495, 1521-22 (11th Cir. 1991) Bonner v. Lewis, 857 F.2d at 561-64, Casey v. Lewis, 773 F.Supp. at 1370-72.

By James Lee McKinnon
James Lee McKinnon pro se
Walker Reception
1151-East Street South
Suffield Connecticut
06078

8. plaintiff To take advantage of the ADA, you must be a qualified individual with a disability." "Disability" under the ADA means:

9. being regarded as having such an impairment as physical mental impairment that sobstantially limits major life activities, plaintiff is on medication's a mental impairment. please see; 42 U.S.C. § 12102(2).

10. This definition is comparable to the definition of "handicap" under the Rehabilitation Act. please, see; 29 U.S.C. § 706(7)(B).

11. Under the Rehabilitation Act people with infectious diseases are considered handicapped, please see; School Bd. of Nassau County v. Arline, 480 U.S. 273, 282-86, 107 S.Ct. 1123 (1987.) Also plaintiff has a infectious disease Hepatitis "C" inflammation of the liver.

12. This category includes inmates infected with human immunodeficiency virus the AIDS virus, please see; Harris v. Thigpen, 941 F.2d at 1522-24; Casey v. Lewis, 773 F.Supp. at 1370-72. Also plaintiff have H-I-V- virus,

13. Congress intended the ADA to cover such persons as well. please see; S. Rep. no. 116, 101st Cong 2d Sess pt. 3, 28 (1990)

By: James Lee McKinnon
James Lee McKinnon pro se
Walker-Reception
1151-East-Street-South
Suffield Connecticut 06078

14. Accommodations are only deemed unreasonable if they impose undue financial and administrative burdens, please see; Southeastern Community College v. Davis, 442 U.S. 397, 412 99 S.Ct. 2361 (1979), quoted in Harris v. Thigpen, 941 F.2d at 1527.

15. or require "a fundamental alteration in the nature of the program; please see: School Bd of Nassau County v. Arline, 480 U.S. 273, 275 107 S.Ct 1123 (1987) quoted in Harris v. Thigpen, 941 F.2d at 1527.

16. prisons may not give in to the perceptions or fears of inmates and staff, please see; Casey v. Lewis, 773 F. Supp. at 1371.

17. As noted above, the ADA specifically protects those who are regarded by others as having a disability, as well as those who actually have one. The ADA requires the federal government to promulgate regulations implementing the statute. please see, The Equal Employment Opportunity Commission is responsible for regulations concerning employment 42, U.S.C. 12116,

18. include conducting self-evaluations of their compliance and adopting a procedure for handling complaints; please see; 28 C.F.R. §§ 35.105, 35,107.

By: /s/ James Lee McKinnon
James Lee McKinnon pro se
Walker Reception
1157- East Street South
Suffield Connecticut
06078

19. Plaintiff is not required to exhaust administrative remedies before suing under the public entity provisions of Title (2) of the Americans with disabilities Act. please see; Noland v. Wheatley 835 F.Supp. 476, 482 (N.D. Ind. 1993) Finley V. Giacobbe, 827 F.Supp 215, 219 n.3 C.D.N.Y. 1993) Peterson V. University of Wisconsin Bd. of Regents, 818 F.Supp. 1276, 1279-80 (W.D.Wis.1993). Regulations implementing the ADA provide that complainat may file a private suite at any time." 28 C.F.R. § 172. In addition the ADA provides for enforcement by the same means available under Section 505 of the Rehabilitation Act 42, U.S.C. § 12133. Section 505 which appears in 29. U.S.C. § 794(a)(2) refers in turn to provisison of the civil Rights Act of 1964, 42 U.S.C. § 200d et seq. Case law has made it clear that exhaustion is not required under the Rehabilitation Act. Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir, 1990 Pendleton V. Jefferson Local school Dist, 754 F. Supp 570-574-75 (S.D. Ohio 1990).

20. Prisoners have a constitutional right to privacy in their medical diagnoses and other medical information please see, A.L.A. V. West Valley City 26 F.3d 989, 990 (10th Cir.1994) Nolley v. County of Erie, 776 F.Supp 715, 729 (W.D.N.Y. 1991); Woods v. White 689 F.Supp .874 875, -76 (W.D. Wis.1988) aff'd 899 F.2d 17 (7th Cir, 1990) Doe v. Coughlin, 697 F. Supp. 1234, 1237-38 (N.D.N.Y. 1988) Doe V. Meachum, 126 F.R.D. 437, 439. (D.Conn. 1988.

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception
1151-East Street-South
Suffield Connecticut
06078

## Certificate

James McKinnon     Case no: 302CV2068 (CFD)(WIG)
    100770
    Plaintiff

                                December 10, 2003
V.

Saundra Leek, ETaL

Plaintiff above respecfully certifices through This aTTachmenT The clam To be True and To The best of my ability ofFirmed.

By James Lee McKinnon
James Lee McKinnon, prose
WaLker RecepTion
1151 EasT STreeT-South
Suffield ConnecTicuT
                06078