UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JAN 20  P 2: 39

U.S. DISTRICT COURT
HARTFORD, CT.

JAMES MCKINNON

V.

SAUNDRA LEEK, et al.

PRISONER
CASE NO. 3:02CV2068 (CFD) (TPS)

RULING ON PENDING MOTIONS

Plaintiff has filed six motions for appointment of counsel, a motion to transfer the case, a motion for service, a motion for leave to amend and three miscellaneous motions.  For the reasons set forth below, plaintiff's motions are denied.

I.    Motions for Appointment of Counsel [docs. ## 16, 18, 21, 25, 28, 30]

The plaintiff seeks the appointment of pro bono counsel because he is taking medication for a psychiatric condition.   He claims that his medications render him incompetent to represent himself.  The plaintiff attaches letters to one of his motions indicating that he made two attempts to secure legal counsel on his own.  Both attempts were unsuccessful.  The court notes that the plaintiff has filed over twenty motions and memoranda in this case as well as three amended complaints.  The fact that the plaintiff may be taking medication for a psychiatric condition does not necessarily render him incompetent.  The plaintiff attaches no order from a court finding him incompetent.  Thus, the court cannot conclude on the limited information presented in the plaintiff's motions the numerous filings by the plaintiff that he is incompetent.

The Second Circuit requires that an indigent person demonstrate that he is

unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff's two attempts to secure counsel are not sufficient to demonstrate to the court that he is unable to find an attorney on his own. The plaintiff does not indicate that he has attempted to contact the Inmates' Legal Assistance Program or the Connecticut Legal Rights Project with regard to any questions he might have concerning the litigation of this case. Thus, the court cannot conclude that plaintiff is unable to obtain legal assistance on his own. The plaintiff's motions for appointment of counsel are denied without prejudice. Any renewal of this motion shall include evidence that plaintiff has sought legal assistance or representation regarding this action and the reasons why assistance or representation was unavailable.

II.     Motion to Transfer [doc. # 23]

The plaintiff seeks to transfer this case to Judge Hall. The plaintiff provides no basis for his request to transfer this case. The motion is denied.

III.    Miscellaneous Motions [docs. ## 24, 26, 27]

The first miscellaneous motion is entitled "Plaintiff Motion for Support." The motion seeks no relief, but instead sets forth a statement concerning the court's role in deciding a motion for summary judgment. The second motion is untitled and seeks no relief. The plaintiff simply states that he is more likely to triumph because the facts support his allegations. Both motions are denied as moot.

The third motion for miscellaneous relief is entitled "Motion Evidence of Exhaustion." The plaintiff asks the court to accept the documents attached to the motion as evidence of exhaustion. The plaintiff filed an amended complaint on July 9,

2003, which includes evidence of exhaustion of administrative remedies. The court has reviewed the documents attached to the plaintiff's motion and cannot discern how these documents relate to the claims in the amended complaint filed in this action. Accordingly, the motion to accept documents is denied.

IV.    Motion to Amend [doc. # 32]

The plaintiff seeks to file an amended complaint to add an Americans with Disabilities Act ("ADA") claim. Because the plaintiff has already filed several amended complaints, he must seek leave to file another amended complaint. See Rule 15(a), Fed. R. Civ. P. Although leave should be "freely given when justice requires," id., the court cannot discern what information plaintiff wants to add because the plaintiff has not attached a proposed fourth amended complaint to his motion and the motion includes no facts concerning the new claims. The motion only includes paragraphs describing the ADA and case law interpreting the ADA. Thus, the court cannot determine whether justice requires that plaintiff's motion be granted. The motion for leave to amend is denied. The plaintiff may refile his motion to amend accompanied by a proposed amended complaint. Any proposed amended complaint must include evidence that the ADA claim was exhausted prior to filing this lawsuit. See Department of Correction Administrative Directive 9.6, section 6(A)(5) ("matter[s] relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein" are grievable).

V.    Service of Third Amended Complaint

The plaintiff has filed a third amended complaint accompanied by evidence of

exhaustion of administrative remedies. The amended complaint names Saundra Leak, Sandy Orleman, Todd Bogdanoff and Helen Dorsey as defendants and seeks injunctive relief and monetary damages. To enable the U.S. Marshal to serve the amended complaint on the defendants in their official and individual capacities, the plaintiff is directed to complete the enclosed 285 U.S. Marshal service forms. The plaintiff is directed to complete one 285 form for each defendant in his individual capacity. The plaintiff should use the addresses he has provided to the court in his amended complaint for these forms. The plaintiff is also directed to complete ONE 285 form to be served on all of the defendants c/o Attorney General to be used to serve the defendants in their official capacities. The address for the Attorney General is 55 Elm Street, Hartford, CT 06105.

The plaintiff shall also complete one Notice of Lawsuit and Waiver of Service of Summons form and one Waiver of Service of Summons form for each defendant in his or her individual capacity and one Notice of Lawsuit and Waiver of Service of Summons form and one Waiver of Service of Summons form for each defendant in his or her official capacity. In addition, the plaintiff is directed to submit FIVE copies of the fourth amended complaint.

Plaintiff shall complete and return the enclosed forms and the copies of the amended complaint within twenty days of the date of this order. Plaintiff is cautioned that failure to return the forms and/or copies of the amended complaint in a timely manner to the Clerk at 915 Lafayette Boulevard, Bridgeport, CT 06604, may result in the dismissal of this case as to any defendant for whom a form and/or copy of the amended complaint is not returned, without prejudice and without further notice from

4

this court.

Upon receipt of the Marshal forms, the Clerk is directed to forward the appropriate papers to the United States Marshal. The United States Marshal is directed to serve the amended complaint on each defendant in his or her individual capacity and to file a return of service within **sixty days** of the date the U.S. Marshal receives the service papers from the Clerk's Office.

Each defendant is hereby ordered to file an appearance within **sixty (60)** days from the date he or she signs a waiver of service of summons.

In view of this order, the plaintiff's Motion [doc. # 29] for service is denied as moot.

## Conclusion

The Motions for Appointment of Counsel [docs. ## 16, 18, 21, 25, 28, 30] are DENIED without prejudice. The Motion to Transfer [doc. # 23] is DENIED. The Motions for Miscellaneous Relief [docs. ## 24, 26] are DENIED as moot. The Motion to Submit Evidence [doc. # 27] is DENIED. The Motion for Leave to Amend [doc. # 32] is DENIED without prejudice. The Motion for Service [doc. # 29] is DENIED as moot.

SO ORDERED.

Entered in Hartford, Connecticut, this _20_ of _January_, 2004.

Thomas P. Smith
United States Magistrate Judge the