UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES MCKINNON
PRISONER
V.                              CASE NO. 3:02CV2068 (CFD) (TPS)

SAUNDRA LEEK, et al.


RULING ON PENDING MOTIONS

Plaintiff has filed three motions for leave to amend and two miscellaneous motions. The court will address the plaintiff's motions to amend first.

I.    Motions to Amend [docs. ## 36, 49, 51]

On July 9, 2003, the plaintiff filed a third amended complaint. The plaintiff now seeks to file a fourth amended complaint to add an Americans with Disabilities Act ("ADA") claim. Because the plaintiff has already filed several amended complaints, he must seek leave to file another amended complaint. See Rule 15(a), Fed. R. Civ. P. The proposed amended complaint includes no facts to support a claim under the ADA, rather it only includes paragraphs describing the ADA and case law interpreting the ADA. Thus, the court cannot determine whether justice requires that plaintiff's motion be granted. In addition, the court previously advised the plaintiff that he must exhaust his administrative remedies as to any claim that the defendants violated the ADA. The proposed amended complaint fails to include any evidence that the plaintiff exhausted his ADA claim prior to filing this lawsuit.

See Department of Correction Administrative Directive 9.6, section 6(A)(5) ("matter[s] relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein" are grievable).   Accordingly, the motion for leave to file a fourth amended complaint to add an ADA claim is denied.

In the second motion for leave to amend, the plaintiff seeks to correct the spelling of defendant Orleman's first name from Sandy to Sandi.   In the third motion for leave to amend, the plaintiff again seeks to correct the spelling of defendant Orleman's first name and also seeks to add two inmate statements in support of the allegations in the amended complaint.   Because the plaintiff only seeks to supplement his existing claims and correct the spelling of defendant Orleman's name, the court concludes that justice requires that the plaintiff be permitted to file a fourth amended complaint.   The third motion for leave to amend is granted and the second motion for leave to amend is denied as moot.   The Clerk is directed to docket the amended complaint attached to the third motion for leave to amend.

III. Miscellaneous Motions [docs. ## 47, 50]

In the first untitled motion, the plaintiff states that he does not understand the court's Order Returning Submission issued on October 20, 2004, in case number 3:02cv2305 (WWE).   The order returns a motion to amend the complaint because the plaintiff

-2-

failed to include two attorneys in the certificate of service attached to the motion. It is apparent that the plaintiff thought he was filing the motion to amend in the above-captioned case, but he put the wrong case number on the motion. He is asking that the court remove the 3:02cv2305 (WWE) case number from the order returning submission. The motion is denied. The order was not issued in error. The case number listed on the motion was 3:02cv2305 (WWE).

In the second untitled motion, the plaintiff asks the court to return the motion to amend and proposed amended complaint with the docket number 3:02cv2305 (WWE). The court returned the motion to amend and proposed amended complaint to the plaintiff with the order returning submission. On November 22, 2004, the plaintiff re-filed the motion to amend in this action with the proper case number. The court has addressed that motion in the preceding section of this ruling. Thus, the second untitled motion is denied as moot.

Conclusion

The Motion for Leave to Amend [**doc. # 36**] is **DENIED**. The Motion for Leave to Amend [**doc. # 49**] is **DENIED** as moot. The Motion for Leave to Amend [**doc. # 51**] is **GRANTED**. The Clerk is directed to docket the amended complaint attached to [doc. # 51]. The first untitled Motion [**doc. # 47**] seeking to remove the case number from an order returning submission is **DENIED**. The second

untitled Motion [**doc. # 50**] seeking the return of a motion to amend is **DENIED** as moot.

The Clerk is directed to send a copy of this ruling and a copy of the newly docketed amended complaint to Assistant Attorney General Henri Alexandre, McKenzie Hall, 110 Sherman Street, Hartford, Connecticut 06105. The defendants shall file an appearance in this action within thirty days of the date of this ruling.

SO ORDERED in Hartford, Connecticut, this 14th day of March, 2005.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge